FLOYD F. and BERYL P. WRIGHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 6120-78.
United States Tax Court
T.C. Memo 1980-141; 1980 Tax Ct. Memo LEXIS 444; 40 T.C.M. (CCH) 258; T.C.M. (RIA) 80141; April 24, 1980, Filed *444 Held, petitioners not entitled to employee business expense deductions in 1975 and 1976 for meals and lodging while away from home in excess of amounts allowed by respondent for failure of substantiation. Floyd R. Wright, pro se. Martha E. Rist, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies *445 of $306.06 and $336.23 in petitioners' Federal income taxes for 1975 and 1976, respectively. The sole issue for decision is whether petitioners are entitled to employee business expense deductions in 1975 and 1976 for meals and lodging while away from home pursuant to sections 162 [1] and 274 in excess of amounts allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Floyd F. Wright and Beryl P. Wright, husband and wife, resided at Montgomery, Minnesota, when they timely filed their 1975 and 1976 joint Federal income tax returns, and at LeCenter, Minnesota, when they timely filed their petition in this case. During 1975 and 1976 Floyd F. Wright was employed as a truck driver by Chadderdon & Sons, Inc., of LeCenter, Minnesota. As a result of this occupation, he was away from home on business for 236 days in 1975 and for 246 days in 1976. On their returns for 1975 and 1976, petitioners deducted $3,140 and $4,135.14, respectively, as employee business expenses for meals and lodging while Floyd F. Wright was away from home on business. *446 In the notice of deficiency dated March 20, 1978, respondent allowed petitioners $9 per day Floyd F. Wright was away from home on business in each year as a meals expense deduction. Such allowances totaled $2,124 for 1975 and $2,214 for 1976. Respondent also allowed $150 and $39.14 in 1975 and 1976, respectively, for other types of employee business expense deductions providing petitioners total employee business expense deductions of $2,274 for 1975 and $2,253.14 for 1976. Petitioners produced no contemporaneous documents or records reflecting additional amounts paid by them for meals or any amounts paid by them for lodging during 1975 and 1976. Petitioners also produced no receipts, canceled checks or other evidence of amounts paid as employee business expenses in 1975 or 1976. OPINION We must determine whether petitioners are entitled to employee business expense deductions in 1975 and 1976 for meals and lodging while away from home pursuant to sections 162 and 274 in excess of amounts allowed by respondent. Resolution of this issue turns on the proper substantiation of the excess amounts petitioners claimed. The substantiation requirements for employee business *447 expense deductions fall into two categories: (1) the general substantiation requirements of section 162, and (2) the specific substantiation requirements of section 274. Section 1.274-5, Income Tax Regs., sets forth the class of items which must be substantiated under that section. This class contains expenses for travel away from home, including meals and lodging, which are claimed to be deductible under sections 162 and 212. Thus, the claimed expenses in this case fall within the scope of section 274. [2]
Section 1.274-5(b), (c), Income Tax Regs., particularize the substantiation requirements as authorized by section 274(d). With respect to travel, the elements required to be shown are the amounts expended, the times of travel, the places the taxpayer is traveling to, and the business purpose. The amounts of expenditures required to be shown include the amounts of transportation, ledging, *448 and meal costs. The regulations do permit the taxpayer to aggregate the amount of expenditures required for his own meals and for incidental expenditures provided they are established by reasonably adequate means. To satisfy the adequate records requirement, the taxpayer must maintain an account book, diary, statement of expenses, or similar record, and/or documentary evidence, which, if taken together, are sufficient to establish each element of an expenditure. Sec. 1.274-5(c)(2), Income Tax Regs. Account books must be made contemporaneously at or near the time of the expenditure and must set forth sufficient information to establish the business purpose of the expenditure. With respect to documentary evidence, a taxpayer is required to produce receipts or similar evidence to support an expenditure which is $25 or more. Sec. 1.274-5(c)(2)(iii)(b), Income Tax Regs. If an expenditure for meals was less than $25, a taxpayer must prove that each expenditure was under $25 or meet the other requirements of section 274. [3] On the other hand, expenses incurred for lodging, regardless of amount, must be substantiated by documentary evidence, such as receipts, paid bills, or similar *449 evidence. Sec. 1.274-5(c)(2)(iii)(a), Income Tax Regs. The regulations do not permit the aggregation of lodging expenses as they do for meals and other incidental expenses.
In the notice of deficiency respondent allowed petitioners employee business expense deductions of $2,274 for 1975 and $2,253.14 for 1976 for meals and incidental expenses while petitioner Floyd F. Wright was away from home on business. Petitioners produced no contemporaneous documents, records, or other data reflecting additional amounts paid by them for meals or any amounts paid by them for lodging during 1975 or 1976. They also produced no receipts, canceled checks or other evidence of amounts paid as employee business expenses in 1975 or 1976. Petitioner Floyd F. Wright apparently concedes the amount respondent allowed for meals while he was away from home with respect to his employment. He testified, however, that he should be allowed an amount as a deduction for lodging because respondent allowed an amount for meals. Although admitting he never bothered with receipts, petitioner further testified that he maintained a "log book" *450 that was "at home." He, nonetheless, failed to produce the log book as evidence of the lodging expenditures he claims to have incurred. The oral testimony of petitioner Floyd F. Wright is insufficient to meet the substantiation requirements for lodging as provided by the regulations authorized by section 274(d). Unlike an expenditure for meals which is under $25, section 1.274-5(c)(2)(iii)(a), Income Tax Regs., requires that an expenditure incurred for lodging, regardless of amount, must be substantiated by documentary evidence, such as receipts, paid bills, or similar evidence. As noted above, such documentary evidence was not provided us by petitioner. While we agree with petitioner's assertion at trial that "a person is entitled to a place to sleep," such right does not necessarily entitle that person to a deduction for the expenses incurred for that place to sleep. Therefore, we hold that petitioners are no entitled to deductions in either 1975 or 1976 for meals and lodging expenses in excess of the amounts allowed by respondent. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The requirements provided by section 274 are intended to supersede the doctrine enunciated in Cohan v. Commissioner, 39 F. 2d 540 (2d Cir. 1930). See sec. 1.274-5(a), Income Tax Regs.; H.R. Rept. No. 1447, 87th Cong., 2d Sess. 19 (1962), 1962-3 C.B. 405↩.
3. See Hicks v. Commissioner, T.C. Memo. 1978-373↩.